IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 2:10-892 |
| | ) | |
| vs. | ) | |
| | ) | |
| JEREMIAH DAVID VENNING | ) | **ORDER** |
| | ) | |

This matter is before the court on defendant's motion to suppress ammunition and defendant's statements. For the reasons set forth below, the court denies defendant's request to suppress the ammunition and finds as moot defendant's request to suppress his statements.

## I.  BACKGROUND

On September 14, 2010, a grand jury indicted defendant Jeremiah David Venning for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Defendant pled not guilty on October 21, 2010, and filed the immediate motion to suppress on May 12, 2011.

Around 6:30 p.m. on June 16, 2010, North Charleston Police Officer Brandon S. Allen was patrolling a high crime area of North Charleston, South Carolina. Officer Allen testified that while he was patrolling, he saw Venning jump behind a concrete pillar under I-26. Officer Allen turned the patrol car around and pulled up 10-15 feet from defendant. Officer Allen testified that defendant appeared surprised, gave suspicious answers regarding his activities, and was unresponsive to some of the officer's questions. According to Officer Allen, defendant was acting nervously and backing away from him. Officer Allen then instructed defendant to put his hands on

1

the patrol car.  Defendant did not answer or comply; instead, he continued to take steps backward.  At this time, Officer Allen grabbed defendant and escorted him to the vehicle.  When Officer Allen began a pat down, defendant hit Officer Allen twice and fled.  Officers found defendant about 45 minutes later and arrested him for assaulting a police officer.  Defendant was searched incident to arrest, and officers found a single .25 caliber round in his pocket.[1]

## II.  DISCUSSION

Defendant argues that the ammunition found in his pocket was the fruit of an unconstitutional stop and frisk under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).[2]  "If a suspect's response to an illegal stop 'is itself a new, distinct crime, then the police constitutionally may arrest the [suspect] for that crime.'"  <u>United States v. Sprinkle</u>, 106 F.3d 613, 619 (4th Cir. 1997) (quoting <u>United States v. Bailey</u>, 691 F.2d 1009, 1017 (11th Cir. 1982)) (finding that defendant's commission of a new crime, shooting at a police officer, subsequent to an illegal <u>Terry</u> frisk purged the taint of the unconstitutional stop and frisk).  "Because the arrest for the new, distinct crime is lawful, evidence seized in a search incident to a lawful arrest is admissible."  <u>Id.</u>

> Examples of cases where a new and distinct crime purged the taint of any initial police misconduct include <u>Bailey</u>, 691 F.2d at 1012, 1018–19 (assuming that first arrest was illegal, second arrest was legal because defendant, when caught after fleeing, struck DEA agent with his fists and tried to grab the agent's gun during ensuing struggle); <u>United States v. Waupekenay</u>, 973 F.2d 1533, 1537 (10th Cir. 1992)

---

[1] After the suppression hearing, defendant requested the admission of dispatch communications from Officer Allen.  Defendant asserts the dispatch records contradict Officer Allen's testimony regarding the events leading up to and including the <u>Terry</u> stop and frisk.  The court did not consider these statements in making its decision; however, even if it had, the outcome would be the same.  The dispatch records confirm that defendant assaulted Officer Allen and fled prior to the discovery of the ammunition, establishing probable cause for the search incident to arrest, during which officers discovered the ammunition.

[2] Neither defendant nor the government addressed the effect of Venning's assault on Officer Allen in their memoranda.

> (although police entered suspect's house trailer illegally, suspect commenced new illegal activity when he aimed semi-automatic rifle at police); United States v. Udey, 748 F.2d 1231, 1240 (8th Cir. 1984) (assuming search warrant for house was invalid, when someone inside began shooting, "the house became the scene of a crime committed in the officers' presence"); United States v. King, 724 F.2d 253, 256 (1st Cir. 1984) (assuming attempted search of passenger was illegal, driver's "shooting [at police] was an independent intervening act which purged the taint of the prior illegality") . . . .

Id. at 619 n.4; see also, United States v. Swindell, No. 04-4799, 2005 WL 1670255 (4th Cir. July 19, 2005) (finding a search incident to arrest permissible when defendant assaulted an officer during a potentially unconstitutional Terry stop).

In this case, defendant assaulted Officer Allen when the officer began to frisk him. When defendant assaulted Officer Allen, he committed a new crime that was distinct from any crime he might have been suspected of at the time of the initial stop. See S.C. Code. Ann. § 16-9-320. There was probable cause to arrest defendant for assaulting an officer. Because this new and distinct crime purged the taint of any alleged unconstitutional Terry stop or frisk, the court need not suppress the ammunition found in the subsequent legal search incident to arrest.[3] Since the officers had probable cause to arrest defendant for assault, validating the subsequent search incident to arrest, the court need not determine whether the initial stop and frisk were permissible. See Swindell, 2005 WL 1670255, at *2 ("Even if we were to presume that the police officer illegally detained [defendant], [defendant's] assault on the officer constituted a new crime," validating the subsequent search incident to arrest); United States v. Nooks, 446 F.2d 1283, 1288 (5th Cir. 1971) (whether

---

[3] While, warrantless searches "are per se unreasonable under the Fourth Amendment," there are limited exceptions to this rule. United States v. Murphy, 552 F.3d 405, 410 (4th Cir. 2009) (citing United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005)). Search of an arrestee incident to arrest is one such exception. United States v. Robinson, 414 U.S. 218, 234, 237 (1973). Such searches are not premised on probable cause or reasonable suspicion but are justified by the need to ensure officer safety and safeguard evidence. Id.

defendant's first arrest was legal became irrelevant once he committed the subsequent criminal acts of fleeing at 115 m.p.h. and shooting at the sheriff).

Additionally, defendant argues that the court should suppress the ammunition because the search exceeded the scope of a legal Terry frisk.  See Minnesota v. Dickerson, 508 U.S. 366 (1993).  In the present case, however, officers did not find anything during the Terry frisk, or even immediately following the frisk.  Indeed, defendant's assault of Officer Allen curtailed the frisk.  The subsequent search was not an extension of the Terry frisk but was conducted incident to defendant's arrest for a new and distinct crime, assaulting the officer.

Finally, defendant claims that statements made prior to or during his arrest should be suppressed because the officers failed to Mirandize him.  The government has agreed not to use these statements against defendant unless and until defendant creates an issue warranting their use, and then, only after the government has notified both the court and defendant.  If the government chooses to use these statements against defendant, the court will consider defendant's arguments concerning his statements at that time.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to suppress regarding the ammunition and **FINDS AS MOOT** defendant's motion to suppress regarding his statements.

**AND IT IS SO ORDERED**.

_____         _____         _____

**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 27, 2011**
**Charleston, South Carolina**